IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MILES ORLANDO LEE,                    :

         Petitioner,                 :      CIVIL NO. 4:CV-07-1117

      v.                                :      (Judge Jones)

TROY WILLIAMSON,                      :

         Respondent.                 :

## MEMORANDUM

## September 2̲8̲, 2007

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

Pending before this Court is a Petition for Writ of Habeas Corpus

("Petition"), which was filed pursuant to 28 U.S.C. § 2241 by pro se Petitioner

Miles Orlando Lee ("Petitioner" or "Lee") on June 22, 2007. (Rec. Doc. 1). On

August 13, 2007, the United States Magistrate Judge J. Andrew Smyser

("Magistrate Judge Smyser") issued a Report recommending that the Petition be

dismissed. (Rec. Doc. 8). For the reasons that follow, we will adopt Magistrate

Judge Smyser's Report in its entirety.

## FACTUAL BACKGROUND/PROCEDURAL HISTORY:

Our review of the record confirms the Magistrate Judge's description of the

circumstances that led to the filing of the instant action.  (See Rec. Doc. 1).

Accordingly, we summarize the factual background and procedural history only

briefly here.

On June 22, 2007, Petitioner commenced this action by filing a Petition

pursuant to 28 U.S.C. § 2241.  Therein, Petitioner presents three (3) claims: 1) that

he was transferred to the United States Penitentiary at Lewisburg ("USP-

Lewisburg") after filing a number of "administrative remedies" and a lawsuit

against the warden of the institution where he was previously incarcerated; 2) that

he was denied placement in the 500-hour drug treatment program despite a

recommendation therefor by his sentencing judge; and 3) that he needs immediate

medical and psychological attention due to threats from staff and inmates.  Id. at ¶

9.

By Order (doc. 3) dated June 27, 2007, Magistrate Judge Smyser directed

Respondent Troy Williamson ("Respondent" or "Williamson") to show cause why

Petitioner should not be granted relief, and on July 17, 2007, Respondent filed his

Response (doc. 7) to the Petition.

On August 13, 2007, Magistrate Judge Smyser issued his Report

recommending that the Petition be dismissed.  Objections to the Report were due

on August 30, 2007, and to date, no submissions so entitled have been filed.

However, on or about September 18, 2007, Petitioner filed a "Motion for Appointment of Counsel and . . . Response to Respondent's Reply."[1] (See Rec. Docs. 10, 11). Therein, Petitioner appears to concede that none of the three claims presented in his instant Petition are viable. (Rec. Docs. 10, 11 at 6-7). Rather, Petitioner seeks to add a claim regarding his sentence computation to the Petition.

This matter is ripe for disposition.

## STANDARD OF REVIEW:

When no objections are made to a magistrate's report, the district court is not statutorily required to review a magistrate judge's report before accepting it. See Thomas v. Arn, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). When a district court accepts a magistrate judge's report, the report becomes the judgment of the court. Id.

## DISCUSSION:

Despite Petitioner's recent submission (see docs. 10, 11), our review of this case confirms the Magistrate Judge's determinations, and we will briefly reiterate

---

[1] For reasons unknown to this Court, the single submission appears to have been docketed twice.

the salient aspects of the Report.

As the Magistrate Judge explains (see doc. 8), and Petitioner apparently recognizes (see docs. 10, 11 at 6 ("All Other Issues Raised in Petition[:] I would like to drop due to them being raised in a civil action,")), none of the three issues that Petitioner raised in the instant Petition are viable habeas claims. (Rec. Doc. 7). First, Petitioner's claims relating to his transfer to USP-Lewisburg and to his alleged need for immediate medical and psychological attention are quite clearly conditions of confinement claims, which are not cognizable in a habeas action. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973) (noting that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody."). Rather, as Petitioner appears to concede, if such claims are cognizable at all,[2] it would be via a Bivens action. See Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

Second, Petitioner's only other claim, which relates to the alleged denial of his admission into the 500-hour drug treatment program, is also not a viable habeas claim. First, to the extent that it takes issue with Petitioner's alleged

---

[2] We express no opinions on the merits of the claims that Lee may make in any such action.

deprivation of rehabilitation while in prison, it constitutes a conditions of confinement claim that is not cognizable in a habeas action. Second, although to the extent that Petitioner alleges that the denial of the program deprived him of eligibility for a sentence reduction, it states a cognizable habeas claim, its viability is defeated by the fact that, as Petitioner concedes (see docs. 10, 11 at 2-3 ("I have not exhausted all my administrative remedies concerning the 500 hour residential drug abuse program . . . .")), he has not exhausted the requisite administrative remedies. See Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996); Arias v. United States Parole Comm'n, 648 F.2d 196, 199 (3d Cir. 1981).

Thus, we agree with the Magistrate Judge's determination that the instant Petition presents no viable habeas claims. However, in light of Petitioner's September 18, 2007 submission, which seeks to add a sentence computation claim to his Petition, we note that at this juncture, two courses of action could be employed. First, we could adopt the Magistrate Judge's Report as to the points raised in the original Petition, but remand for consideration of the new claim that Petitioner's recent submission attempts to add. However, this course of action is entirely un-fulfilling because it entails remand of this action to the Magistrate Judge for consideration of a cause of action that never was, but rather, was only incidentally mentioned in an untimely filing. The resulting amendment of the

Petition would unnecessarily complicate the procedural posture of an action that should have been resolved.

Thus, we turn to the second potential course of action: adopting the Report in its entirety and dismissing the Petition.  We find this option is significantly more palatable as it eliminates all of the problems discussed above, and it does so without prejudicing Petitioner.  Indeed, because his claim of incorrect sentence computation could give rise to a viable habeas claim, we note that Petitioner is free to bring a habeas action grounded in that claim.[3]

Accordingly, we will adopt the Report as our own and dismiss the Petition.[4] An appropriate Order shall issue.

---

[3] However, we once again note that we offer no opinion on the ultimate viability of such a claim.

[4] In the interest of completeness, we note that although we will deny the Motion for Appointment of Counsel as moot, our review of the Tabron factors confirms that an extensive application thereof would not have changed our disposition of the Motion.  Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994).